IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| EDMOND McCLINTON, | * | |
| ADC #107846 | * | |
| | * | |
|     Petitioner, | * | |
| v. | * | No. 5:18cv00191-SWW-JJV |
| | * | |
| WENDY KELLEY, Director, ADC, | * | |
| | * | |
|     Respondent. | * | |

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. BACKGROUND

Before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed by Edmond McClinton, an inmate in the Cummins Unit of the Arkansas Department of Correction ("ADC"). (Doc. No. 2.) I have conducted a preliminary review of Mr. McClinton's Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, for the following reason, I recommend dismissal of the Petition.

### II. ANALYSIS

Mr. McClinton has previously sought and was denied habeas relief for his 2014 Jefferson County, Arkansas, rape conviction. *McClinton v. Kelley*, 5:15cv00374-JJV. In denying relief, I recited the facts of his conviction as follows:

> On December 13, 2011, Mr. McClinton was residing with his girlfriend and her two daughters. The youngest daughter is severely disabled, has cerebral palsy, is nonverbal, and has the use of only one hand. On the night of the rape, the older daughter, Candice Henderson, heard the headboard hitting the wall in her sister's room. Wondering why her sister was still awake at the late hour, Ms. Henderson went in to check on her. She walked in and saw Petitioner naked in bed with her sister with one knee on the bed and one leg on the floor. She also noticed her sister's head had been covered with a shirt. Ms. Henderson called the police who responded to the call and came to the residence. The victim was taken to the hospital that night, and a nurse, who testified at trial, performed a rape examination. The results of the rape kit showed the victim had seminal fluid in her vaginal vault, which had a 99.99% chance of belonging to Petitioner.

*Id.* at (Doc. No. 19.)

Under 28 U.S.C. 2244(b)(3), petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). Without an order from the court of appeals authorizing the filing of a successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart,* 549 U.S. 147, 152-53, 157 (2007). A court of appeals may authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. 2244(b)(2). Similarly, claims asserted in a second or successive habeas petition that were not alleged in a previously filed habeas petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

The language of 28 U.S.C. § 2244(b) is binding and prior authorization to file a second or successive habeas petition is an absolute requisite to this Court's authority to consider a petition. 28 U.S.C. § 2244(b)(3); see also *Williams*, 658 F.3d 842, 853 (2011) ("A 'second or successive' habeas petition requires authorization from a federal court of appeals prior to filing."). There is nothing in the record to indicate Mr. McClinton sought and received authorization from the United States Court of Appeals for the Eighth Circuit before filing this Petition. Therefore, I find this

Court does not have jurisdiction over Mr. McClinton's claims.

If Mr. McClinton wishes to pursue relief, he must first obtain permission from the Eighth Circuit Court of Appeals to file a successive petition. At present, this Court simply does not have jurisdiction over Mr. McClinton's claims. The dismissal should be without prejudice so Mr. McClinton may refile his Petition should the Eighth Circuit again grant him permission to proceed.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Mr. McClinton's § 2254 Petition (Doc. No. 2) be DISMISSED without prejudice and the requested relief be DENIED.

2. No certificate of appealability shall issue.[1]

DATED this 1st day of August, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the Petition is clearly successive, no certificate of appealability shall be issued.